IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Yussuf Abdi, | CIVIL ACTION NO: 3:23-cv-05916-CMC |
| Plaintiff(s) | |
| v. | **COMPLAINT**<br>**(Jury Trial Requested)** |
| U.S. Xpress, Inc., Swift Transportation Co. of Arizona, LLC, and Knight Transportation Inc., and John Doe 1-3, | |
| Defendants. | |

COMES NOW, the Plaintiff, and complaining of the Defendants, asserts and alleges as follows:

This lawsuit stems from an incident on July 3, 2023, on I-20 North, in Lexington County, South Carolina. On that date and time, Defendants were operating a tractor-trailer on I 20 and improperly parked their vehicle in the far-right lane. Plaintiff attempted to avoid colliding his tractor-trailer with Defendants' tractor-trailer when he lost control of his vehicle causing him to run off the road. Defendants subsequently fled the scene. Plaintiff seeks to recover damages that resulted from all Defendants' negligent, grossly negligent, and/or reckless acts and omissions.

## PARTIES

1.      Plaintiff, YUSSUF ABDI (hereinafter "Plaintiff"), is a resident of Saint Cloud, Minnesota.

2.      Upon information and belief, the Defendant, U.S. Xpress, Inc. (hereinafter "U.S. Xpress"), is a foreign corporation organized and existing under the laws of the state of Nevada. The Registered Agent listed with the South Carolina Secretary of State for U.S. Xpress is Corporation Service Company, located at 508 Meeting Street, West Columbia, South Carolina

1

29169.

    3.    Upon information and belief, U.S. Xpress is a motor vehicle carrier registered with the United Stated Department of Transportation and bearing USDOT number 303024 and regularly does business in South Carolina.

    4.    Upon information and belief, at all times relevant and material, U.S. Xpress was a motor carrier pursuant to 49 C.F.R. 392, *et seq.*

    5.    Upon information and belief, Defendant Swift Transportation Co. of Arizona, LLC (hereinafter "Swift Transportation"), is a limited liability company organized and existing under the laws of the state of Delaware. Swift Transportation has a Registered Agent with the South Carolina Secretary of State listed as National Registered Agents, Inc. located at 2 Office Park Court Ste. 103, Columbia, South Carolina 29223.

    6.    Upon information and belief, Swift Transportation is a motor vehicle carrier registered with the United States Department of Transportation and bearing USDOT number 54283.

    7.    Upon information and belief, at all times relevant and material, Swift Transportation was a motor carrier pursuant to 49 C.F.R. 392, *et seq.*

    8.    Upon information and belief, Defendant Knight Transportation, Inc. ("Knight Transportation"), is a corporation organized and existing under the laws of the state of Arizona. Knight Transportation does not have a Registered Agent with the Sout Carolina Secretary of State. However, Knight Transportation has a Registered Agent listed with the Arizona Corporation Commission listed as CT Corporation System located at 3800 North Central Ave., Suite 4640, Phoenix, AZ 85012.

    9.    Upon information and belief, Knight Transportation is a motor vehicle carrier

registered with the United States Department of Transportation and bearing USDOT number 428823.

10.     Upon information and belief, at all times relevant and material, Knight Transportation was a motor carrier pursuant to 49 C.F.R. 392, *et seq.*

11.     Upon information and belief, and at all times relevant and material, Defendant John Doe 1-3, was an employee, agent, officer, director, and/or legal representative acting within the course and scope of his employment and on behalf of U.S. Xpress, Swift Transportation and/or Knight Transportation. John Doe 1-3's citizenship and residence is unknown.

12.     Upon information and belief, U.S. Xpress is a division of, and operated by, Defendants Swift Transportation and Knight Transportation.

13.     At all times relevant and upon information and belief, John Doe 1-3 was an employee, agent, officer, director, and/or legal representative acting within the course and scope of his employment and on behalf of the Defendant U.S. Xpress. Defendant U.S. Xpress is liable under theories of non-delegable duty, direct and vicarious liability, and *respondeat superior*.

14.     Upon information and belief, U.S. Xpress had a non-delegable duty to hire and/or employ drivers that were adequately trained and able to provide for the safe and proper driving of commercial vehicles while on the roads of the State of South Carolina.

15.     At all times relevant, the employees and agents of U.S. Xpress, including John Doe 1-3, who drove their semi-truck and trailer or other commercial motor vehicles, owed duties to the motor public, including Plaintiff, to adhere to follow all state and federal laws, regulations, industry standards, and other safety guidelines regarding the safe driving of commercial motor vehicles, the hiring, maintaining, training, and supervision of drivers and proper maintenance of commercial vehicles.

16. At all relevant times, the employees of U.S. Xpress, including John Doe 1-3, breached their duties to the motor public, including Plaintiff, to adhere to and follow all state and federal regulations, laws, industry standards, and other safety guidelines regarding the safe driving of commercial motor vehicles, the hiring, maintaining, training, and supervision of drivers and proper maintenance of commercial motor vehicles, and as a direct and proximate breach of those duties, caused injuries and damages to Plaintiff.

17. The negligent, grossly negligent, and/or reckless acts, omissions, and liability of all Defendants include that of their agents, principals, employees, and/or servants, both directly and vicariously, pursuant to the principles of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency, and/or *respondeat superior*.

18. All acts or omissions complained herein, regarding all Defendants and any of their agents, owners, and/or employees occurred during the course and scope of any such employment, ownership, and/or agency.

## JOINT AND SEVERAL LIABILITY

19. The above-named Defendants are jointly and severally liable for all damages alleged herein since their negligent, grossly negligent, and/or reckless acts and omissions, singularly or in combination, are the contributing proximate cause(s) of all Plaintiff's damages.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over these parties pursuant to 28 U.S.C. § 1332. The parties are diverse and the amount in controversy greatly exceeds $75,000.00.

21. Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(2) as, upon information and belief, a substantial part of the events giving rise to this claim occurred in this District and Division.

## FACTS

22. On July 3, 2023, Defendant, John Doe 1-3 was the driver of a commercial vehicle, a semi-truck with a trailer attached to it, in Lexington County, South Carolina.

23. On July 3, 2023, the semi-truck and trailer that was being operated by JOHN DOE 1-3 contained the logo of Defendant, U.S. XPRESS, INC., on it. A picture of the semi-truck and trailer from this incident is directly below.



24. On July 3, 2023, JOHN DOE 1-3's semi-truck and trailer were travelling in the right lane of Interstate 20, heading northbound, near the city of Gilbert town, in Lexington County, South Carolina.

25. On July 3, 2023, Interstate 20 was and is a public roadway running generally in a northbound and southbound direction, at or near the city of Gilbert, Lexington County, South Carolina,

26. On July 3, 2023, and at all times relevant and material hereto, Interstate 20 contained two northbound lanes and two southbound lanes that were separated by a median.

27. On July 3, 2023, at some time prior to 9:06 p.m., John Doe 1-3 slowed his vehicle and brought it to a stop in the right lane, northbound lane of Interstate 20, near the city of Gilbert, Lexington County, South Carolina.

5

28. On July 3, 2023, at approximately 9:06 p.m., Plaintiff was operating a freightliner semi-truck traveling northbound in the right lane of Interstate 20, near the city of Gilbert, Lexington County, South Carolina.

29. On July 3, 2023, at approximately 9:07 p.m., while Plaintiff's vehicle was in the right lane of Interstate 20 approaching JOHN DOE's stopped vehicle, there was another vehicle in the left northbound lane of Interstate 20, that was travelling alongside Plaintiff's vehicle.

30. On July 3, 2023, at approximately 9:07 p.m., in an effort to avoid colliding with the rear of JOHN DOE 1-3's stopped vehicle, Plaintiff took evasive action and swerved to the left, causing him to lose control of his vehicle, which veered off the interstate and collided with a tree.

31. After JOHN DOE 1-3 witnessed that Plaintiff's vehicle veered off the interstate and collided with a tree, he fled the scene of the crash without contacting emergency services.

32. As a result of the accident, Plaintiff suffered significant injuries.

## COUNT I – As to John Doe 1-3
(Negligence, Negligence *Per Se*, and Recklessness)

33. Plaintiffs reallege the paragraphs above as if restated verbatim here.

34. At all times herein, Defendant JOHN DOE 1-3 owed Plaintiff a duty of ordinary care in the operation of his vehicle upon the highways of Lexington County, State of South Carolina.

35. At all times herein, Defendant JOHN DOE 1-3 owed Plaintiff a duty to exercise the degree of care that a reasonably prudent driver would have used to avoid harm to others under the circumstances described herein.

36. Notwithstanding said duties, Defendant JOHN DOE 1-3, was willful, wanton, careless, negligent, grossly negligent, negligent *per se*, and reckless in the following particulars:

a. Caused his vehicle to stop in fast moving interstate highway lanes contrary to S.C. Code § 56-5-2530;

b. Parking in a prohibited area on the state highway contrary to S.C. Code § 2540;

c. Failing to drive within a single lane contrary to S.C. Code § 56-5-1900;

d. In failing to remain at the scene and/or return to the scene contrary to S.C. Code § 56-5-1210;

e. In failing to give information and render aid contrary to S.C. Code §56-5-1230;

f. In failing to immediately report a collision resulting in injury contrary to S.C. Code § 56-5-1250;

g. By blocking or impeding traffic contrary to S.C. Code § 56-5-1560;

h. Blocked the flow of traffic on interstate highway lanes;

i. In failing to maintain his vehicle within a single lane contrary to S.C. Code § 56-5-1900;

j. In parking in a controlled access highway contrary to S.C. Code § 56-5-2530;

k. Parked his vehicle in a careless and heedless fashion on the roadway as to endanger other persons using the highway;

l. Failed to provide oncoming traffic with warnings that he was blocking the flow of traffic upon fast moving interstate highway lanes;

m. Failed to park his vehicle in a manner and location not interfering with the orderly flow of traffic on an interstate highway;

7

n. Failed to place adequate warning devices on the roadway contrary to 49 C.F.R. § 392.22(b)(1);

o. Failing to immediately activate the vehicle's hazard warning signal flashers contrary to 49 C.F.R. § 293.22(1);

p. In failing to use due care;

q. Operated a motor vehicle in a careless, reckless, and/or improper manner;

r. failing to use ordinary care that a reasonable and prudent driver of a commercial vehicle would have used under the same or similar circumstances; and/or

s. in various other particulars as will be proven through discovery and/or trial.

37. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant, JOHN DOE 1-3, said acts being in violation of the statutory and common laws of South Carolina, causing Plaintiff to incur during the past, present, and future, significant medical expenses, lose time from work and incur lost wages and decreased earning capacity, and suffer tremendous pain and suffering, disfigurement and disability, emotional and mental distress, and loss of enjoyment of life.

38. That by reason of the acts of the Defendant as set forth above, Plaintiff is informed and believes that he is entitled to an award of actual damages, both past and future, together with non-economic, both past and future, and punitive damages in an appropriate amount, and for the costs of this action.

**COUNT 2 – As to U.S. Xpress, Swift Transportation, and Knight Transportation**
(Imputed Liability – *Respondeat Superior* and Agency)

39. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above as if fully set forth verbatim here.

40. Upon information and belief, at the time of the subject collision, John Doe 1-3 was under dispatch, or driving with consent, either express or implied, for U.S. Xpress, Swift Transportation, and/or Knight Transportation

41. Upon information and belief, at the time of the subject collision, John Doe 1-3 was operating the tractor/trailer on behalf of U.S. Xpress, Swift Transportation, and/or Knight Transportation.

42. Upon information and belief, John Doe 1-3 was operating the semi-truck under the motor carrier authority of Defendants U.S. Xpress, Swift Transportation, and/or Knight Transportation.

43. Defendants U.S. Xpress, Swift Transportation, and/or Knight Transportation are interstate motor carriers, and pursuant to federal and state laws, are responsible for the actions and omissions of John Doe 1-3, identified more fully above, in regard to the collision described in this complaint under the doctrines of lease liability, agency, *Respondeat Superior*, or apparent agency.

**COUNT 3 – As to Defendants U.S. Xpress, Swift Transportation, and Knight Transportation**
(Direct Company Liability – Negligence/Recklessness)

44. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above as if fully set forth verbatim here.

45. Defendants U.S. Xpress, Swift Transportation, and/or Knight Transportation owed statutory and common law duties to the Plaintiff to ensure the safe operation of the U.S. Xpress truck.

46. Upon information and belief, at all times relevant and material hereto, John Doe 1-3 was an employee, agent, and/or legal representative of U.S. Xpress, Swift Transportation, and/or Knight Transportation.

47. At all times relevant and material hereto, Defendants U.S. Xpress, Swift Transportation, and/or Knight Transportation had a non-delegable duty to supervise John Doe 1-3's work with respect to the time, manner, and method of John Doe 1-2's work, operation, and use of the U.S. Xpress truck.

48. At all relevant times hereto, Defendants U.S. Xpress, Swift Transportation, and/or Knight Transportation were responsible for John Doe 1-3's acts and omissions and the consequences of the same, including but not limited to direct negligent, grossly negligent, and/or reckless acts and omissions, independent from the doctrines of Respondeat Superior and agency

49. Defendants U.S. Xpress, Swift Transportation, and/or Knight Transportation breached the duties to Plaintiff in one or more of the following ways:

   a. In permitting, facilitating, and allowing for the operation of the U.S Xpress truck in a negligent and/or reckless manner;
   b. In failing to use due care;
   c. In failing to use the degree of care and caution that a reasonably prudent company and/or motor carrier would have used under the same or similar circumstances;
   d. In failing to inspect the U.S. Xpress truck;
   e. In requiring or permitting John Doe 1-3 to drive the unsafe U.S. Xpress truck on public roads in violation of the law;

  f. In failing to operate a commercial motor vehicle in the manner required by the Federal Motor Carrier Safety Regulations, South Carolina statutory and common law, and permitting, facilitating, and allowing for the same;

  g. In failing to implement and enforce safety policies and procedures, monitoring, and other internal controls to protect the motoring public, including the Plaintiff from negligent, grossly negligent, and reckless conduct, including the acts of Defendant John Doe 1-3, and if in place, failing to enforce them;

  h. In failing to have in place adequate policies and procedures to mandate compliance by its drivers with statutes, law, and regulations regarding the operation of commercial motor vehicles; and if such policies and procedures were in place, in failing to enforce them ;

  i. In otherwise operating the U.S. Xpress truck without exercising reasonable care and in a negligent, grossly negligent, and/or reckless manner;

50. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendants, U.S. Xpress, Knight Transportation, and/or Swift Transportation, said acts being in violation of the statutory and common laws of South Carolina, causing Plaintiff to incur during the past, present, and future, significant medical expenses, lose time from work and incur lost wages and decreased earning capacity, and suffer tremendous pain and suffering, disfigurement and disability, emotional and mental distress, and loss of enjoyment of life.

51. That by reason of the acts of the Defendant as set forth above, Plaintiff is informed and believes that he is entitled to an award of actual damages, both past and future,

together with non-economic, both past and future, and punitive damages in an appropriate amount, and for the costs of this action

### COUNT 4 – As to Defendants U.S. Xpress, Swift Transportation, and Knight Transportation
(Negligent Hiring, Training, Retention and Supervision)

52. Plaintiff restates and incorporates herein the allegations contained in the paragraphs above as if fully set forth verbatim here.

53. Defendants U.S. Xpress, Swift Transportation, and Knight Transportation owed duties to the Plaintiff and the motoring public at large to not hire, train, retain, and supervise their employees, agents, and/or contractors in a negligent manner.

54. Defendants U.S. Xpress, Swift Transportation, and Knight Transportation were negligent in hiring John Doe 1-3 and entrusting him to drive their semi-truck.

55. Defendants U.S. Xpress, Swift Transportation, and Knight Transportation were negligent in failing to properly train John Doe 1-3 to drive their semi-truck.

56. Defendants U.S. Xpress, Swift Transportation, and Knight Transportation were negligent in failing to properly supervise John Doe 1-3.

57. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant, JOHN DOE 1-3, said acts being in violation of the statutory and common laws of South Carolina, causing Plaintiff to incur during the past, present, and future, significant medical expenses, lose time from work and incur lost wages and decreased earning capacity, and suffer tremendous pain and suffering, disfigurement and disability, emotional and mental distress, and loss of enjoyment of life.

58. That by reason of the acts of the Defendant as set forth above, Plaintiff is informed and believes that he is entitled to an award of actual damages, both past and future,

together with non-economic, both past and future, and punitive damages in an appropriate amount, and for the costs of this action.

## COUNT 5 – As to Defendants U.S. Xpress, Swift Transportation, and Knight Transportation
(Negligent Entrustment)

59. Plaintiff restate and incorporate herein the allegations contained in the paragraphs above as if fully set forth verbatim here.

60. Upon information and belief, before the incident, Defendants U.S. Xpress, Swift Transportation, and Knight Transportation knew of should have known that John Doe 1-3 was:

   a. Incompetent, unfit, inexperienced, or reckless;

   b. John Doe 1-3 was incapable of safely operating a semi-truck in a manner required by the applicable laws and industry standards and was therefore a reckless driver;

   c. The U.S. Xpress semi-truck is a dangerous instrumentality;

61. The entrustment of the U.S. Xpress semi-truck by Defendants U.S. Xpress, Swift Transportation, and Knight Transportation created an appreciable risk of harm to others, including Plaintiff.

62. Defendants U.S. Xpress, Swift Transportation, and Knight Transportation knew or should have known that the negligent entrustment of their semi-truck could cause significant harm to the motoring public, including Plaintiff.

63. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant, JOHN DOE 1-3, said acts being in violation of the statutory and common laws of South Carolina, causing Plaintiff to incur during the past, present, and future, significant medical expenses, lose time from work and incur lost wages and decreased

earning capacity, and suffer tremendous pain and suffering, disfigurement and disability, emotional and mental distress, and loss of enjoyment of life.

64. That by reason of the acts of the Defendant as set forth above, Plaintiff is informed and believes that he is entitled to an award of actual damages, both past and future, together with non-economic, both past and future, and punitive damages in an appropriate amount, and for the costs of this action.

## **PRAYER**

WHEREFORE, the Plaintiff prays for judgment against the Defendants:

A. For actual damages both past and future;

B. For past and future non-economic damages;

C. For punitive damages in an appropriate amount;

D. For the costs of this action;

E. For post judgment interest where authorized by law; and

F. For such other and further relief as this Court might deem just and proper.

/s Daniel Sevcik
Daniel Sevcik (Fed ID #: 13751)
THE JEFFCOAT FIRM
1333 Main Street, Suite 510
Columbia, South Carolina, 29201
Phone: (803) 200-2000
Facsimile: (803) 808-2240
daniel.sevcik@thejeffcoatfirm.com
ATTORNEY FOR THE PLAINTIFF

November 17, 2023
Beaufort, South Carolina